24 F.3d 252
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick THOMAS, Defendant-Appellant.
 No. 92-30373.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 16, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Patrick Thomas appeals his 63-month sentence, imposed following a guilty plea, for conspiracy to possess with intent to distribute and distribution of lysergic acid diethylamide (LSD) in violation of 21 U.S.C. Secs. 841(a)(1) and 846. Thomas contends that the district court erred by refusing to (1) enforce the plea agreement and strike from the presentence report (PSR) information obtained from Thomas during his debriefing by the government, (2) order sentencing before a different judge following its review of the debriefing information in the PSR, and (3) grant Thomas a downward adjustment for being a minor or minimal participant pursuant to U.S.S.G. Sec. 3B1.2. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Plea Agreement
 
 
 4
 Fed.R. of Crim.P. 32(c)(3)(D) requires that when the defendant alleges any factual inaccuracy in the presentence report, the court shall make "a finding as to the allegation, or ... a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." See United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc).
 
 
 5
 Here, Thomas entered into a plea agreement with the government in which he was permitted to plead guilty to a one count information charging him with conspiracy to possess with intent to distribute and distribution of 1.75 grams of LSD. In exchange for this plea, Thomas agreed to submit to a "debriefing session" at which he revealed his past and present involvement with, and knowledge of, the distribution of LSD. The parties stipulated that Thomas would be responsible for at least 1 gram but no more that 4 grams of LSD, and the government agreed to recommend a two-level reduction for acceptance of responsibility and a sentence at the low end of the Guidelines range. The agreement also provided that if at any time the government determined in good faith that Thomas was not being completely truthful, the statements made by Thomas would be used to prosecute him.
 
 
 6
 Subsequent to Thomas' plea, a PSR was prepared which apparently included Thomas' statement that he could be held accountable for at least an additional 10.25 grams of LSD. Thomas provided this information during his debriefing. Thomas filed a motion to enforce the plea agreement and to strike the information from the PSR.
 
 
 7
 At sentencing, the district court stated that it was "not holding any information provided by [Thomas] against him for sentencing purposes." The court also stated that the information in the PSR was "not going to affect the sentence," and that Thomas' sentence would be at the low end of the Guidelines range. These statements satisfied the substantive requirements of Rule 32 and the court was not required to order sentencing before a new judge due to its review of the disputed information. See Fed.R.Crim.P. 32; Fernandez-Angulo, 897 F.2d at 1516. The district court, however, failed to append its written findings to the presentence report as also required by Rule 32. Fernandez-Angulo, 897 F.2d at 1517. We therefore instruct the district court to transmit to the Bureau of Prisons a new copy of the presentence report with the required findings attached. See id.; Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir.1990) (district court may attach portions of sentencing transcript containing the findings or determinations), cert. denied, 499 U.S. 940 (1991).
 
 II
 Role Adjustment
 
 8
 Thomas contends that the district court erred by denying him a reduction in his offense level pursuant to U.S.S.G. Sec. 3B1.2 for being a minimal or minor participant in the offense. This contention lacks merit.
 
 
 9
 We review for clear error the district court's factual determinations regarding whether a defendant is a minor participant. United States v. Lui, 941 F.2d 844, 848-49 (9th Cir.1991).
 
 
 10
 The Guidelines allow either a four-level reduction for being a minimal participant, a two-level reduction for being a minor participant, or a three-level reduction for cases falling in between. U.S.S.G. Sec. 3B1.2. A minimal participant reduction is intended for a "defendant[ ] who ... [is] plainly among the least culpable of those involved in the conduct of the group." Id., comment. (n. 1). "[T]he defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as a minimal participant." Id.; see also United States v. Petti, 973 F.2d 1441, 1447 (9th Cir.1992), cert. denied, 113 S.Ct. 1859 (1993). The four-level minimal participant reduction is intended to be used infrequently. Madera-Gallegos, 945 F.2d 264, 269 (9th Cir.1991) (citing U.S.S.G. Sec. 3B1.2, comment. (n. 2)). "[A]ny participant who is less culpable than most other participants, but whose role could not be described as minimal, may receive a two-level downward adjustment in his offense level for being a minor participant in the offense." U.S.S.G. Sec. 3B1.3(b), comment. (n. 3).
 
 
 11
 In its role determination, the district court may "consider all relevant conduct, including collateral conduct beyond the charged offense." United States v. Webster, 996 F.2d 209, 212 (9th Cir.1993).
 
 
 12
 Thomas argues that his role in the offense was only to put the confidential informant in touch with the drug supplier and that the district court's denial of the role adjustment was based upon its review of the information improperly included in the PSR. We disagree.
 
 
 13
 The district court made the following finding as to Thomas's role in the offense:
 
 
 14
 The problem with giving Mr. Thomas a minor role is that he already, in a sense, has a minor with regard to the amount involved. He can't be a minor to himself. And, of course, the amount of LSD involved overall here, if everyone had that attributed to them, results, I think--I looked it up the other day--was 360 months to life.
 
 
 15
 But on what I have before me, with regard to the amount of drug that--on this amount Mr. Thomas can't be a minor.
 
 
 16
 Although the court referenced the overall amount of drugs attributable to Thomas in its role determination, it made clear earlier in the sentencing hearing that it was not considering for sentencing purposes the information excluded under the plea agreement. Moreover, the confidential informant involved in the undercover operation leading to Thomas's arrest stated that he knew Thomas to be a distributor of LSD. Thomas met with the informant, discussed the sale of approximately two grams of LSD and arranged for the informant to meet the drug supplier and finalize the sale. The drug supplier arrested in the undercover operation also identified Thomas as a street runner who delivered LSD for him. These facts, as set out in the PSR, were properly considered by the district court and were not disputed by Thomas. See Webster, 996 F.2d at 212. Accordingly, the district court did not clearly err by denying Thomas a reduction in his offense level for his role in the offense. See Lui, 941 F.2d at 849.
 
 
 17
 We AFFIRM Thomas' sentence and instruct the district court to transmit to the Bureau of Prisons an amended copy of Thomas' presentence report with the required findings attached.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3