UNITED STATES of America, Plaintiff–Appellee,

v.

Angel FERNANDEZ–ANGULO, Defendant–Appellant.

No. 87–3068.

United States Court of Appeals, Ninth Circuit.

Argued En Banc and Submitted Aug. 16, 1989.

Decided March 13, 1990.

---

Paul S. Petterson, Asst. Federal Public Defender, Portland, Or., for defendant-appellant.

Kenneth C. Bauman, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Before GOODWIN, Chief Judge, WALLACE, FARRIS, PREGERSON, POOLE, NELSON, CANBY, NORRIS, BEEZER, WIGGINS and LEAVY, Circuit Judges.

BEEZER, Circuit Judge:

We take this case en banc to address the interpretation of Fed.R.Crim.P. 32(c)(3)(D). The question before us concerns what that Rule requires of a sentencing court when a defendant challenges the accuracy of matters contained in the presentence report and what relief should be granted if the district court failed to comply with the requirements of the Rule at the time of sentencing.

Angel Fernandez–Angulo pled guilty to two counts of a superseding indictment charging him with violations of 21 U.S.C. § 841. A presentence report was prepared and distributed to the court and counsel. The presentence report stated that Fernandez–Angulo was experienced in the drug trade and that he had initiated the negotiations leading to the crimes to which he pled guilty. Fernandez–Angulo challenged the factual accuracy of these statements. At sentencing, the district court failed to: 1) resolve the disputed factual matters; 2) state that the contested factual matters would not be taken into account in sentencing the defendant; and 3) append to the presentence report a written record of any findings or determinations which resolved the controverted matters. Fernandez–Angulo filed a timely notice of appeal. A panel of this court filed an opinion reported at 863 F.2d 1449 (9th Cir.1988). We ordered that this case be reheard en banc. *United States v. Fernandez–Angulo*, 875 F.2d 1451 (9th Cir.1989). We affirm the district court in part; remand to the district

court for resentencing and remand to the panel for consideration of other claims made in the petition for rehearing.

## I

Fed.R.Crim.P. 32(c)(3)(D) provides:

If the comments of the defendant and defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons.

Fernandez–Angulo appealed, arguing that resentencing is required when the clear command of the Rule is not followed by the district court at the time of sentencing. The panel disagreed. In Part III, the panel held that Rule 32 errors need not result in resentencing if, on remand, the judge "states in a subsequent order that he or she did not rely on any disputed allegations when imposing a sentence and ensures that a written record is appended to the presentence report." *United States v. Fernandez–Angulo*, 863 F.2d 1449, 1457 (9th Cir.1988). We disagree.

Strict compliance with the Rule is required. We have consistently and frequently stated that when the district court failed to make the required Rule 32 findings or determinations at the time of sentencing, we must vacate the sentence and remand for resentencing.[1] We approve of those cases and hold that when the defendant challenges the factual accuracy of any matters contained in the presentence report, the district court must, at the time of sentencing, make the findings or determinations required by Rule 32.[2] If the district court fails to make the required findings or determinations, the sentence must be vacated and the defendant resentenced.

We note that there is a split in the circuits on this question.[3] We believe that the bright-line rule we adopt imposes no onerous burden on the district courts and is most faithful to the language of the Rule. In pertinent part, Rule 32(c)(3)(D) requires "a determination that no such finding [resolving the controverted matter] is necessary because the matter controverted *will* not be taken into account in sentencing" (emphasis added). We conclude that this language forecloses postsentencing compliance with the Rule. Permitting remand, often long after sentencing, to ensure that

1. *United States v. Kerr,* 876 F.2d 1440, 1445 (9th Cir.1989); *United States v. Baron,* 860 F.2d 911, 920 (9th Cir.1988), *cert. denied,* ── U.S. ──, 109 S.Ct. 1944, 104 L.Ed.2d 414 (1989); *United States v. Sharon,* 812 F.2d 1233, 1234 (9th Cir. 1987); *United States v. Edwards,* 800 F.2d 878, 883 (9th Cir.1986); *U.S. v. Messer,* 785 F.2d 832, 834 (9th Cir.1986); *United States v. Stewart,* 770 F.2d 825, 832 (9th Cir.1985), *cert. denied,* 474 U.S. 1103, 106 S.Ct. 888, 88 L.Ed.2d 922 (1986); *United States v. Petitto,* 767 F.2d 607, 609–10 (9th Cir.1985).

In *United States v. Salas,* 824 F.2d 751 (9th Cir.), *cert. denied,* 484 U.S. 969, 108 S.Ct. 465, 98 L.Ed.2d 404 (1987), we allowed a Rule 32 error to be corrected in a postsentencing Rule 35 proceeding. *Salas* is overruled in light of our holding in this case.

2. If the district court states that the controverted matters will not be considered in imposing sentence, the sentencing record must unambig-

uously reflect that the district court placed no reliance on the controverted matters. If the record is ambiguous in this regard, the sentence must be vacated and remanded for resentencing. We thus expressly approve of our opinion in *Baron,* 860 F.2d at 920.

3. *Compare United States v. Serino,* 835 F.2d 924, 932 (1st Cir.1987) *and United States v. Bradley,* 812 F.2d 774, 782 (2d Cir.), *cert. denied,* 484 U.S. 832, 108 S.Ct. 107, 98 L.Ed.2d 67 (1987) (holding resentencing is not always required) *with United States v. Peterman,* 841 F.2d 1474, 1483 (10th Cir.1988), *cert. denied,* ── U.S. ──, 109 S.Ct. 783, 102 L.Ed.2d 774 (1989) *and United States v. Lawal,* 810 F.2d 491, 492–93 (5th Cir.1987) *and United States v. O'Neill,* 767 F.2d 780, 787 (11th Cir.1985) (holding that resentencing is required).

The Second Circuit has restricted *Bradley* to *de minimis* violations of the Rule. *United States v. Arefi,* 847 F.2d 1003, 1008 (2d Cir.1988).

the Rule *was* complied with at the time of sentencing would, in effect, permit the Rule to read: "a determination that no such finding *was* necessary because the matter controverted *was* not taken into account in sentencing." We reject such a reading of the Rule.

## II

■ We next address what the Rule requires when a district court complies with the substantive requirements of the Rule, but fails to append to the presentence report the appropriate findings or determinations resolving the controverted matters.[4] We hold that such a technical violation of the Rule is a ministerial error which does not require resentencing.[5] The technical error must, however, be corrected by ordering the district court to append to the presentence report the required findings or determinations. *United States v. Knockum,* 881 F.2d 730, 732 (9th Cir.1989) (holding that ministerial error of failing to append Rule 32 findings or determinations will not permit habeas relief because the error may be remedied by ordering the district court to attach the sentencing transcript); *U.S. v. Gattas,* 862 F.2d 1432, 1435; (10 Cir.1988) *United States v. Eschweiler,* 782 F.2d 1385, 1390–91 (7th Cir.1986); *United States v. Castillo–Roman,* 774 F.2d 1280, 1284–85 (5th Cir.1985).

## III

Appellant urges us to vacate his sentence. During oral argument and in his supplemental brief filed in response to an en banc court order, Fernandez claims that he received multiple punishments for engaging in a single transaction. He claims his sentence is contrary to our holding in *United States v. Palafox,* 764 F.2d 558 (9th Cir.1985). We remand this claim to the panel for further consideration.

## IV

The sentencing record in this case reveals that the district court did not comply with substantive requirements of Rule 32. Accordingly, we hold the sentence must be vacated and the defendant resentenced in compliance with the Rule. We vacate Part III of the panel opinion. We also remand to the panel for further consideration of Fernandez' multiple punishment claims prior to remand to the district court.

AFFIRMED IN PART, VACATED IN PART, and REMANDED.

WILLIAM A. NORRIS, Circuit Judge, with whom GOODWIN, Chief Judge, joins, concurring:

I concur in the judgment remanding Fernandez's claim that he received multiple punishments for engaging in a single transaction to the panel for further consideration in light of *United States v. Palafox,* 764 F.2d 558 (1985). I write separately only because the en banc opinion offers no explanation for our remand to the original panel, which has already considered the *Palafox* issue at length. *United States v. Fernandez–Angulo,* 863 F.2d 1449, 1451–55 (9th Cir.1988). If I were a member of that panel, I would be puzzled as to why the en banc panel found the treatment of the *Palafox* issue deficient. The opinion simply offers no explanation.

I offer as an explanation the fact that the panel relied on the "difference of several hours between the distribution of the sample and the consummation of the underlying transaction" in determining that the drug transaction, which involved the same people and place, could be separated into two transactions. *Id.* at 1452–53. The panel assumed that appellant left the scene of the transaction for three hours. *Id.* at

---

**4.** The district court may comply with this requirement in any manner which fairly indicates the resolution of the controverted matters. *See, e.g., United States v. Ibarra,* 737 F.2d 825, 828 n. 2 (9th Cir.1984) (district court may append a form on which its findings or determinations are recorded); *United States v. Travis,* 735 F.2d 1129, 1132–33 (9th Cir.1984) (district court may append defendant's objections and portion of the sentencing transcript indicating compliance with the Rule).

**5.** Accordingly, we overrule our contrary holding, on this specific point, in *Petitto,* 767 F.2d at 610.

1451. However, the evidentiary record fails to show how far the appellant went or how long he was gone. Thus it appears that the panel mistakenly based its *Palafox* analysis on a fact that finds no support in the record.

WIGGINS, Circuit Judge, dissenting:

I dissent from the majority opinion.

It is clear that the sentencing judge did not comply with the command of Rule 32(c)(3)(D). Because factual inaccuracies in the presentence report (PSR) were alleged, the sentencing judge was under a duty to resolve that allegation or make a determination that the controverted matter will not be taken into account in the sentencing. She did not do so. In addition, the rule requires that a written record of the aforesaid findings and determinations be appended to, and accompany, any copy of the presentence report made available to the Bureau of Prisons or the Parole Commission. The sentencing judge neglected to follow this requirement of the rule as well.

We took this case en banc to consider what to do about such acknowledged errors. The panel decided that the case should be remanded to the sentencing judge to insure compliance with Rule 32(c)(3)(D), that is to hold a hearing to resolve the disputed matter, or to determine that such matter was not considered in the sentencing decision and to append its findings and deliberations to the copy of the PSR transmitted to the Bureau of Prisons or the Parole Commission.

It must be emphasized that the en banc court was convened only to consider the proper procedure on remand *if the sentencing court determines it did not consider the disputed matter at the time of the original sentence.* No one denies that if the sentencing court finds the disputed matter was considered, or should be considered, in fixing the sentence, a formal resentencing hearing will be required. This appeal, then, is based upon the assumption that the sentencing court will determine that it did not consider the disputed matter when it fixed the original sentence of the defendant. Under such circumstances, the panel held that the sentencing court, on remand, may make a written determination *at that time* that it did not consider the disputed matter when it fixed the original sentence, and append a copy of such determination to the PSR made available to the prison parole officials. No formal resentencing of the defendant would be necessary; his presence would not be required.

The en banc opinion rejects the practical interpretation of the rule recommended by the panel. And it does so for reasons that I find to be singularly unconvincing.

The majority panel asserts that strict compliance with the Rule is required. I have no reluctance in accepting strict compliance with the rule. But I note that there is no explicit language foreclosing compliance after the sentencing hearing has occurred. The argument based upon the single word "will" as requiring contemporaneous compliance is, in my view, a strained reading that serves no purpose. As is clear from the assumptions that govern this appeal, the controverted matter will not, did not, and cannot be considered by the trial judge.

The majority also concedes that a failure to append a copy of the findings and declarations made by the sentencing judge for use by the prison officials is purely ministerial. Such ministerial errors are properly corrected by order of the sentencing judge without formal resentencing. I regard the subsequent declaration by a panel that it did not consider controverted matter as similarly ministerial.

At the bottom of the majority's reasoning is the apparent belief that the court that makes a post-sentence finding that it did not consider disputed matter in the PSR is in fact resentencing the defendant. To resentence a defendant without his presence under such circumstances is to deny his right of allocution.

I simply cannot accept the premise of the majority's argument. The defendant, by hypothesis, will receive the same sentence. It will be based upon the same factors considered by the sentencing court at the

time of the original sentence. The only new action by the sentencing court upon remand will be to note what it *did not* consider and to record that fact for the prison officials. I do not regard this negative action as the equivalent of resentencing.

The interest of the defendant in this case is clear. He wants a second chance to persuade the judge that his sentence is excessive. But the interest of the government is equally clear. It believes the original sentence was proper and that any procedural or ministerial errors can be corrected without incurring the "practical difficulties such as the cost of transportation and the risk of flight" in bringing the defendant back to court. I believe the government has the stronger case and should prevail, absent some showing of prejudice to the defendant. None is made here.

I would affirm the judgment of the district court and "remand in order to insure compliance with Rule 32" as interpreted by the panel.