949 F.2d 400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory Loren SMITH, Defendant-Appellant.
 Nos. 90-30445, 90-30457.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 10, 1991.*
Decided Dec. 10, 1991.
 
 Before EUGENE A. WRIGHT, DAVID R. THOMPSON, T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Smith appeals his sentence on five counts of bank robbery. He alleges that the district court incorrectly calculated his criminal history category.
 
 
 3
 The district court erroneously relied on United States v. Gross, 897 F.2d 414 (9th Cir.1990), to determine that Smith had accrued at least 13 points under section 4A1.1 of the Sentencing Guidelines. This court effectively overruled Gross in United States v. Anderson, No. 89-10059, slip op. 12657, 12675 n. 5 (9th Cir. Sept. 5, 1991) (en banc).
 
 
 4
 Smith argues that in light of Anderson, he should be placed in Category V because he has accrued only 10 section 4A.1 points. Because the court consolidated Smith's 1982 motor vehicle and burglary convictions, they meet the Anderson test for relatedness and cannot be considered separately for sentencing purposes. In light of this finding, we must consider Smith's challenges to the validity of his 1987 unlawful use of a motor vehicle conviction and 1981 telephone harassment conviction to determine if he still belongs in Category VI.
 
 
 5
 Fed.R.Crim.P. 32(c)(3)(D) requires the district court to make a finding as to Smith's allegations or to make a determination that no such finding is necessary because the matter was not taken into account at sentencing. See United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc). In Ferandez-Angulo we held:
 
 
 6
 When the defendant challenges the factual accuracy of any matters contained in a presentence report, the district court must at the time of sentencing make the findings or determinations required by Rule 32. If the district court fails to make the required findings or determinations, the sentence must be vacated and the defendant resentenced.
 
 
 7
 Id.
 
 
 8
 The district court failed to address the validity of either of the defendant's convictions during the sentencing hearing. We cannot cure that error here. Id. Moreover, the court failed to address whether the defendant's waiver of counsel on his motor vehicle charge was knowing and voluntary. A remand is necessary.
 
 
 9
 REMANDED FOR RESENTENCING.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3