968 F.2d 1221
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
JOSE ANTONIO GONZALEZ, Defendant-Appellant.
 No. 91-30268.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 24, 1992.*
Decided July 1, 1992.
 
 Before FLETCHER, LEAVY and THOMAS G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Antonio Gonzalez appeals his sentence imposed under the Sentencing Guidelines (Guidelines or U.S.S.G.) following his jury conviction for armed bank robbery and use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2113(a) & 924(c). Gonzalez contends that the district court erred by adjusting upward his offense level two levels pursuant to U.S.S.G. § 3B1.3 for use of a special skill during the offense of conviction. Gonzalez also contends that the district court erred by failing to give him adequate notice before enhancing his sentence for abuse of a position of trust under section 3B1.3. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 We review de novo the district court's application of the Guidelines. United States v. Lockard, 910 F.2d 542, 543 (9th Cir.1990). Whether a defendant possesses a "special skill" for purposes of U.S.S.G. § 3B1.3 is a question of fact reviewed for clear error. See United States v. Foreman, 926 F.2d 792, 795 (9th Cir.1990).
 
 
 4
 As a preliminary matter, Gonzalez contends that the district court erred by failing to give him adequate notice that it was basing the section 3B1.3 enhancement on a finding that Gonzalez abused a position of trust in addition to use of a special skill.[1] At sentencing, the court expressly stated that although "a strong argument could be made that this was an abuse of private trust[,] ... I am not going to consider that." In the court's Memorandum of Sentencing Hearing and Report of Statement of Reasons, however, it stated that, in addition to Gonzalez' use of a special skill, his position of private trust also significantly facilitated the commission and concealment of the offense.
 
 
 5
 If the district court states that it will not rely on a controverted fact in its sentencing determination, the record must unambiguously reflect that the court did not consider the controverted fact in sentencing the defendant. United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 n. 2 (9th Cir.1990) (en banc). "If the record is ambiguous in this regard, the sentence must be vacated and remanded for resentencing." Id.
 
 
 6
 Here, the presentence report did not address whether Gonzalez abused a position of trust. The district court did not address abuse of a position of trust at the sentencing hearing other than by stating that it would not consider the factor in its sentencing determination. Although the matter was not "controverted," the statements by the district court at sentencing and in its written memorandum make it unclear whether the district court relied on abuse of a position of trust as grounds for enhancing Gonzalez' offense level under section 3B1.3. Accordingly, we vacate the sentence and remand for resentencing. See Fernandez-Angulo, 897 F.2d at 1516 n. 2.
 
 
 7
 The district court did, however, make clear at sentencing and in its written memorandum that it was basing the section 3B1.3 enhancement on the alternative ground of use of a special skill.
 
 
 8
 Section 3B1.3 provides for a two level increase in a defendant's base offense level if the defendant "used a special skill in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. The term "special skill" is defined as a "skill not possessed by members of the general public and usually requiring substantial education, training or licensing. Examples would include pilots, lawyers, doctors, accountants, chemists, and demolition experts." U.S.S.G. § 3B1.3, comment. (n. 2). Thus, the special skill enhancement "applies only if the defendant employed a special skill in the form of a pre-existing, legitimate skill not possessed by the general public to facilitate the commission or concealment of a crime." United States v. Green, No. 91-50325, slip op. 4503, 4515 (9th Cir. April 24, 1992) (quoting United States v. Young, 932 F.2d 1510, 1513 (D.C.Cir.1991)). The guideline's use of the word "facilitated" implies that an enhancement for use of a special skill under section 3B1.3 should apply if the special skill made it significantly easier for the defendant to commit or conceal a crime. See Foreman, 926 F.2d at 796.
 
 
 9
 Here, Gonzalez was employed as a security guard with Alaska Security, Inc. He was trained in the operation of automated teller machines (ATM) and in the general security procedures of Alaska Security, Inc. The government argues that this training was sufficient to give Gonzalez a special skill which facilitated his robbing the bank courier as she serviced the ATM. We disagree.
 
 
 10
 On the day of the robbery, the security guard who escorted the bank courier waited inside a "secure area" behind the ATM while the courier went to the "public area" in front of the ATM to check the ATM. As the courier returned to enter the secure area Gonzalez followed her and announced the holdup. Gonzalez ordered both the guard and the courier to lie face down as he taped the guard's hands, feet and mouth with duct tape. Gonzalez then ordered the courier to empty the bank bag containing $60,000 in bank funds, remove the surveillance camera video tape, and to place both the money and the video tape in Gonzalez' knapsack. Before leaving the secure area, Gonzalez bound the courier in the same manner as he had bound the guard.
 
 
 11
 Although Gonzalez may have had inside information due to his security guard position, we cannot say that his method of committing the robbery demonstrated the use of a special skill. There is nothing in the record to indicate that any member of the general public intent on committing such a robbery in a similar manner could not have done so after observing the courier and the guard's method of servicing the ATM on prior occasions. Thus, Gonzalez' actions in committing the robbery do not support a special skills enhancement under section 3B1.3. See Green, No. 91-50325, slip op. at 4515. On remand, the district court must determine at sentencing whether Gonzalez abused a position of trust. See Fernandez-Angulo, 897 F.2d at 1516 n. 2.
 
 
 12
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "Abuse of a position of trust" and "use of a special skill" are alternative grounds for the upward adjustment. See U.S.S.G. § 3B1.3