8 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Enedina OCHOA, Defendant-Appellant.
 No. 92-10682.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1993.*
Decided Oct. 20, 1993.
 
 Before: CHOY, GOODWIN, and SKOPIL, Circuit Judges:
 
 
 1
 MEMORANDUM**
 
 
 2
 Enedina Ochoa appeals her sentence imposed under the Sentencing Guidelines. She contends that the district court erred by relying on a probation officer's allegedly conclusory statements in the presentence report to determine that she was responsible under the guidelines for her co-defendant's criminal activity. She also argues that the district court failed to make written findings required by Federal Rule Criminal Procedure 32(c)(3)(D) regarding challenged information in the presentence report. We affirm.
 
 DISCUSSION
 
 3
 We conclude that the district court properly held Ochoa accountable for the losses caused by her co-defendant's filing of false claims. The presentence report contained facts showing that Ochoa and her co-defendant conspired to file false tax returns, that Ochoa recruited persons to prepare the returns, and that Ochoa split some of the proceeds from the fraud with her co-defendant. The facts set forth in the presentence report also show that Ochoa admitted that she assisted in perpetrating the fraud. These facts demonstrate that Ochoa could reasonably foresee that her co-defendant would file false claims in furtherance of their conspiracy. See United States v. Arias-Villanueva, 998 F.2d 1491, 1511 (9th Cir.1993) (defendant held responsible for subsequent transactions when there was no showing that he disavowed the conspiracy). Therefore the district court did not err in adopting the findings and the recommendations of the presentence report, and in finding that her co-defendant's false claims were relevant conduct for which Ochoa should be held accountable under sections 1B1.3 and 2F1.1(b)(1)(G) of the guidelines. See United States v. Lorenzo, 995 F.2d 1448, 1460 (9th Cir.1993) (defendant held responsible under sections 1B1.3 and 2F1.1 for reasonably forseeable conduct of co-conspirators), cert. denied, --- S.Ct. ----, 1993 WL 270273 (Oct. 4, 1993).
 
 
 4
 We also conclude that the district court complied with the requirements of Rule 32(c)(3)(D). The sentencing transcript reflects that after Ochoa challenged the findings in the presentence report, the district court made the findings that Ochoa was an active participant in the conspiracy and that her illegal activity resulted in a loss in excess of $70,000. The district court's failure to append the sentencing transcript containing the court's findings to the presentence report is a "ministerial error which does not require resentencing." United States v. Fernandez-Angulo, 897 F.2d 1514, 1517 (9th Cir.1990) (en banc). The district court must simply forward a transcript of the sentencing hearing to the Bureau of Prisons to be attached to Ochoa's presentence report. Id.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3