9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith A. GRIMES, Defendant-Appellant.
 No. 91-50116.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1993.*
Decided Oct. 22, 1993.
 
 Before: KOZINSKI, SILER,** and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 We previously vacated Grimes' sentence and remanded for resentencing because of the trial judge's failure to resolve the dispute concerning the amount of money lost by the victims and for failure to set a specific restitution amount. United States v. Grimes, No. 87-5290 (9th Cir. Dec. 12, 1990).
 
 
 3
 On remand, the parties stipulated that the amount lost by the victims was less than one million dollars, but they did not stipulate to any exact dollar figure. People would be affected by whether the loss exceeded one million dollars. The trial judge reimposed Grimes' twelve year sentence, and ordered restitution in the amount of $100,000.
 
 
 4
 I. Amount of Loss and Compliance with Remand Order
 
 
 5
 Grimes argues that he was denied the benefit of resentencing, because the sentencing judge viewed the hearing as only relating to restitution. But the sentencing judge explicitly said that he understood that the case was back for fixing restitution and for resentencing.
 
 
 6
 Grimes complains that, because the amount of loss was not fixed earlier, he was prejudiced in his ability to participate in certain prison programs such as furloughs and the halfway house. The district judge correctly determined that parole was an administrative and not judicial determination. See Vermouth v. Corrothers, 827 F.2d 599, 602 (9th Cir.1987).
 
 
 7
 Grimes complains that the judge did not attach a copy of the stipulation that the loss was less than 1 million to the back of the presentence report as required by United States v. Fernandez-Angulo, 897 F.2d 1514, 1517 (9th Cir.1990). Fernandez-Angulo requires that such a failure be remedied by ordering the district court to append a copy of its determinations to the presentence report. Id. We direct the district court to append a copy of the stipulation or the transcript of the hearing to the presentence report, if it has not already done so.
 
 II. Allocution
 
 8
 Grimes argues that the sentencing judge violated his right of allocution under Fed.R.Cr.Proc. 32(a)(1)(C). Although the judge tentatively stated what sentence he would impose before affording Grimes his opportunity to speak, he then permitted allocution. The trial judge said that his sentence was tentative, and that he would "set it aside" if Grimes' remarks so inclined him. This procedure was correct, under United States v. Laverne, 963 F.2d 235, 237 (9th Cir.1992).
 
 
 9
 At one point the judge directed Grimes' remarks away from irrelevant topics, namely Grimes' eligibility for parole programs and relationship with the Bureau of Prisons, but the trial judge need not let a defendant discourse at length about irrelevant topics. United States v. Kellogg, 955 F.2d 1244, 1250 (9th Cir.1992).
 
 III. Amount of Restitution
 
 10
 We review the setting of restitution for abuse of discretion United States v. Angelica, 951 F.2d 1007, 1009 (9th Cir.1991).
 
 
 11
 Grimes complains that the amount of restitution was improper because it was based on erroneous information about the amount of loss. The parties did stipulate that the amount of loss was less than one million, although they did not agree on exactly how much it was. The sentencing judge did, however, state that "I think the total loss approaches a million." That finding was not clearly erroneous. United States v. Smith, 944 F.2d 618, 623 (9th Cir.1991), cert. denied, 112 S.Ct. 1515 (1992).
 
 
 12
 Grimes also argues that the trial judge failed to consider his financial resources in setting the restitution amount at $100,000. But the judge explicitly did consider Grimes' financial situation, his potential employment as a paralegal, his wife's job as a teacher, and his children and other responsibilities. The judge, after hearing all of this, imposed a restitution amount of $100,000. Given the amount of loss and the possibility that Grimes might recover money from lawsuits and that he might find work as a paralegal, the sentencing judge did not abuse his discretion in setting the restitution at this amount. Angelica, 951 F.2d at 1009.
 
 
 13
 AFFIRMED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Eugene E. Siler, United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3