26 F.3d 133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jui Ho CHUNG, aka: Rey Ho Chung; aka: Michael Chung,
Defendant-Appellant.
 No. 93-50290.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 7, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Chung appeals his 78-month sentence following his guilty plea conviction to conspiracy to launder money in violation of 18 U.S.C. Secs. 371, 1956(a)(1), and money laundering in violation of 18 U.S.C. Secs. 1956(a)(1), (a)(3).
 
 
 3
 Chung contends that the district court failed to comply with Fed.R.Crim.P. 32(c)(3)(D) by not attaching its written findings concerning a disputed matter with the presentence report.
 
 
 4
 Rule 32 requires the district court to make factual findings regarding any disputed issue or to make a determination that no such finding is necessary because it will not take the controverted matter into account at sentencing. Fed.R.Crim.P. 32. The court must make these findings on the record at the time of sentencing. See United States v. Castaneda, 16 F.3d 1504, 1512-13 (9th Cir.1994).
 
 
 5
 Here, the presentence report indicated that Chung's total offense level was 29. This level resulted in a guideline range of 87 to 108 months. Chung's plea agreement provided for a base level of 26. The record indicates that the district court sentenced Chung in accordance with the plea agreement, determined his offense level to be 27, and sentenced Chung to a term of 78 months. The court did not, however, specifically order that its finding regarding the total offense level be appended to the presentence report. See United States v. Fernandez-Angulo, 897 F.2d 1514, 1517 (9th Cir.1990) (en banc). Because the government agrees that the court's findings should be attached to the presentence report, we remand to the district court with instructions to transmit to the Bureau of Prisons a new copy of the presentence report with the required factual findings attached. See id.[1]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not address Chung's contention that his presentence report contains an incorrect social security number because Chung did not raise that issue at sentencing. See United States v. Starr, 971 F.2d 357, 362 n. 4 (9th Cir.1992)