41 F.3d 1514
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Armando LOPEZ, Defendant-Appellant.
 No. 94-10061.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 16, 1994.*
Decided Nov. 18, 1994.
 
 Before: ALARCON, HALL, Circuit Judges, KING,** Senior District Judge
 MEMORANDUM***
 Armando Lopez pled guilty to one count of conspiring to distribute and to possess with the intent to distribute cocaine base in violation of 21 U.S.C. Secs. 846 and 841(a)(1), and to three counts of aiding and abetting and distributing cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. In this appeal, Lopez contends that the district court erred by failing to grant him a two-level reduction for his role as a minor participant pursuant to section 3B1.2(b) of the Sentencing Guidelines. Because it is unclear from the present record whether the district court believed that Lopez was a minor participant, but, nevertheless, improperly denied him a two-level reduction, we vacate the sentence and remand with instructions that the district court make specific findings of fact regarding whether Lopez's role as a mere runner made him a minor participant in these crimes.
 I.
 The amended presentence report contains the following statements in paragraph 17 on page 6:
 Adjustment for Roles in the Offense: The defendant said he delivered the cocaine base for another individual by the name of "Rafa" and that he was paid a small amount of money for each delivery. If that is true, the defendant could be assigned a lesser role. However, law enforcement officers are not aware of the existence of another individual. Further, the defendant's female companion at the time of his arrest said the defendant processed the cocaine at his residence prior to delivering the drugs. If that is true, it would appear the defendant is not a minimal participant but is more involved (emphasis added).
 The probation officer found that the applicable guideline range was 121-151 months. This range was predicated upon a base offense level of 34, which was reduced by two levels for Lopez's acceptance of responsibility. The probation officer recommended a sentence of 136 months.
 During the sentencing proceedings conducted on December 20, 1993, the court inquired of Lopez's counsel whether there are "any amendments to the factual contentions that you would wish the Court to make." Defense counsel replied as follows:
 Okay. As to the factual contentions, we would ask that on page six, regarding item 17, adjustments for role in the offense, our position is that the defendant should be assigned a lesser role; that he was merely a runner in the operation; and that he was not actually manufacturing or making any of the cocaine base.
 (emphasis added).
 The district court did not make a finding as to whether Lopez "should be assigned a lesser role," as requested by his attorney. Instead, the court stated as follows:
 Well, rather than adjust the minus two recommendation, I'm going to sentence at the low end of those guidelines, rather than the 136 months.... [T]here's no evidence in this case that the defendant was other than a runner.
 The parties agree that in using the words "minus two recommendation," the court was referring to a 2-point downward adjustment that flows from a finding that the defendant is a minor participant, pursuant to section 3B1.2(b) of the United States Sentencing Guidelines. The court sentenced Lopez to serve 121 months on each count to be served concurrently. Lopez filed a timely appeal of the sentence.
 II.
 Lopez contends that in sustaining his objection to the statement in the probation report that he processed cocaine base before delivering it, and in finding that he was only a runner for others, the court agreed with defense counsel's argument that Lopez was a minor participant in the offense. The Government argues that "it was within the discretion of the district court to find that Lopez, though only a runner, was not so 'substantially less culpable' as to warrant the two-level reduction." The record does not support either party's contention. Rather, the district court declined to make a finding regarding whether Lopez was a minor participant.
 The question whether a defendant was a minor participant is a factual determination. United States v. Sanchez-Lopez, 879 F.2d 541, 557 (9th Cir.1989). Under Rule 32 of the Federal Rules of Criminal Procedure, if a defendant objects to a factual statement in a presentence report, the district court must either make a finding concerning the allegation, or state that the disputed fact will not be considered in making the sentencing decision. Fed.R.Crim.P. 32(e)(3)(D). "Strict compliance with the Rule is required." United States v. Fernandez-Angulo, 897 F.2d 1514, 1517 (9th Cir.1990) (en banc).
 The failure of the district court to make a finding of fact regarding whether Lopez was a minor participant, in light of the court's finding that Lopez was merely a runner, compels us to vacate the sentence and remand for resentencing. Id. Following the resentencing proceedings, the district court is instructed to make an express finding regarding whether Lopez was a minor participant.
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3