70 F.3d 1280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio GARCIA, Defendant,
and
Jose Luis Hernandez, Defendant-Appellant.
 No. 94-30058.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 16, 1995.
Decided Nov. 28, 1995.
 
 Before: REINHARDT and TROTT, Circuit Judges, and TASHIMA*, District Judge.
 MEMORANDUM**
 Jose Louis Hernandez appeals from a sentence of 66 months imprisonment imposed following his guilty plea to one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. Secs. 841(a)(1) and 846. Hernandez claims: 1) he was held responsible for drugs sold by the conspiracy before he joined it; 2) certain alleged cocaine sales to Stevens should not have been included in the court's calculations because the only evidence of the sales was two unreliable hearsay statements; and 3) the district court did not make the findings or determinations required by Fed.R.Crim.P. 32(a)(3)(D) after Hernandez alleged specific factual inaccuracies in the presentence investigation report ("PIR"). We have jurisdiction under 28 U.S.C. Sec. 3231 and vacate and remand for resentencing.
 Fed.R.Crim.P. 32(c)(3)(D) provides that if a defendant alleges a factual inaccuracy in the PIR, "the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." Failing to follow this rule requires that the sentence be vacated and remanded. United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir1990).
 Here, Hernandez denied participating in the conspiracy before 1992. E.R. tab 2 at 91. The record contains information that would support this claim. He also denied selling $100,000 of cocaine to Stevens as reported in the PIR. Sentencing memorandum at 4. The district court did not respond to either of these allegations with specific findings, or an explicit determination that it would not take the controverted matters into account when imposing sentence. Therefore we vacate and remand the sentence to the district court to make the necessary findings.
 At resentencing, Hernandez may only be held accountable for the drugs distributed by the conspiracy after he became a part of it. United States v. Petty, 992 F.2d 887, 891 (9th Cir.1993); U.S.S.G. Sec. 1B1.3 (app. note 2). Furthermore, if the court intends to use Hernandez's alleged cocaine sales to Stevens to calculate the amount of drugs involved, the court must determine whether the sales were in fact made, or else state that the alleged sales have not been taken into account in determining the sentence.
 The government may continue to argue that Hernandez should be punished for his alleged cocaine sales to Stevens. So far, the only evidence of these sales has been the questionable hearsay statements of Stevens and Fox. Purportedly, both have now disavowed their incriminating statements. At resentencing, the government may find it advisable to clarify the reliability of Steven's and Fox's damaging statements by obtaining fresh affidavits or calling them as witnesses.
 For the reasons stated above, Hernandez's sentence is VACATED AND REMANDED.
 
 
 
 *
 The Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3