**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Luis ARREOLA, Defendant–**
**Appellant.**

**No. 00–50388.**

**D.C. No. CR–99–01257–R–1A.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 28, 2001.

Before WALLACE, SILVERMAN, and W. FLETCHER, Circuit Judges.

MEMORANDUM [2]

Jose Luis Arreola appeals the 33–month sentence imposed following his guilty plea conviction for various mail fraud offenses and making false statements, in violation of 18 U.S.C. §§ 371, 1341, and 1001. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review de novo a district court's compliance with the Federal Rule of Criminal Procedure 32 ("Rule 32"). *United States v. Standard*, 207 F.3d 1136, 1140 (9th Cir.2000). Because the record indicates the district court did not comply with Rule 32, we vacate the sentence and remand for resentencing. *See United States v. Fernandez–Angulo*, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc) (requiring "strict compliance" with Rule 32).

Arreola contends that the district court erred by relying on a disputed fact, namely

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

whether he participated in the "Naranjo transaction" as described in the presentence report, to support application of a four-level enhancement for his role as an "organizer or leader" under U.S. Sentencing Guidelines § 3B1.1(a). The objection was not as precisely made as it could have been. However, the written objection to the presentence report contains the defendant's denial of the Naranjo transaction. The defendant himself also specifically denied the transaction at the sentencing hearing.

We conclude that by failing to make an explicit factual finding resolving Arreola's objections to the presentence report, the district court did not comply with Rule 32. *See* Fed.R.Crim.P. 32(c)(1); *United States v. Carter,* 219 F.3d 863, 867 (9th Cir.2000) (requiring district court to resolve the factual dispute or state the dispute was irrelevant to its decision to apply enhancement); *see also United States v. Tam,* 240 F.3d 797, 802–03 (9th Cir.2001). We therefore VACATE the sentence and REMAND so the district court can clarify its basis for applying the four-level enhancement under section 3B1.1(a) of the Sentencing Guidelines.

---

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.