UNITED STATES of America, Plaintiff–Appellee,

v.

Christine COOPER; Justin Newsom; Defendants–Appellants.

Nos. 99–50239, 99–50245, 99–50333. D.C. Nos. CR–97–00776–WJR–03, CR–97–00814–WJR–1, CR–97–00776–WJR–1.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 2, 2001.

Decided April 16, 2001.

Before HUG, DUHÉ,* and TALLMAN, Circuit Judges.

## MEMORANDUM **

Christine Cooper and Justin Newsom were each convicted on one count of conspiracy to commit robbery under 18 U.S.C. § 371, one count of armed bank robbery under 18 U.S.C. § 2113(a) & (d), and one count of using a firearm in connection with a violent crime under 18 U.S.C. § 924(c). In a separate case, Newsom pled guilty to two counts of unarmed bank robbery in connection with two other crimes. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm Cooper's conviction and sentence. We vacate Newsom's sentence and remand for

---

* Honorable John M. Duhé, Jr., Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

the district court to resentence Newsom and to conform its written judgment with its oral judgment.

## A. *United States v. Cooper*

■ A duress defense has three elements: "(1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) no reasonable opportunity to escape the threatened harm." *United States v. Johnson,* 956 F.2d 894, 897 (9th Cir. 1992). A defendant, in proving a well-grounded fear, may not introduce evidence of a special vulnerability to fear that resulted from conduct by someone other than the person allegedly causing the defendant's criminal conduct. *See id.* at 898.

■ In Cooper's case, the rape was caused by someone unrelated to the armed bank robbery. Therefore, the evidence of the rape and pregnancy was, at best, marginally relevant to her duress defense. Its introduction would have been highly prejudicial, engendering sympathy among the jury for her. Moreover, she was allowed to present extensive testimony that was directly relevant to her fear of her captors. Therefore, it is unlikely that the evidence about the rape would have affected the verdict. The district court properly concluded that its probative value was substantially outweighed by its prejudicial effect.

Cooper testified that she overheard a conversation among three of the co-conspirators that made her uncomfortable. The record contains no evidence that she was asked about, or attempted to offer any specific details about the content of the conversation, which she now asserts was about a bank robbery. Nor does the record show that the prosecutor objected to any of her testimony regarding this matter. Because she apparently never attempted to admit the contents of the conversation, this challenge is waived.

In addition, the record contains no evidence that Cooper was asked about or attempted to testify that Tori forced her to have sex against her will, or that the prosecutor objected to any of the testimony she offered in this regard. Therefore, this issue is also waived.

■ Cooper was allowed to testify that she was not given privacy when she showered but was prohibited on direct examination from offering details. On appeal, she does not specify the details that she would have revealed on further examination and how those details may have caused her to have a well-grounded fear of her alleged captors. Because she presented extensive other evidence regarding her duress defense, it is unlikely that additional explicit details about the lack of privacy would have affected the verdict. The district court did not abuse its discretion in excluding further testimony about the lack of privacy.

■ Because the district court did not indicate that it thought it had no authority to depart, we have no jurisdiction to review the denial of her downward departures. *See United States v. Belden,* 957 F.2d 671, 676 (9th Cir.1992). We also have no jurisdiction to review her challenge to the admissibility of the hearsay evidence because the district court only relied upon it to deny her downward departure requests.

## B. *United States v. Newsom*

■ Federal Rule of Criminal Procedure 32(c)(1) provides that "at the sentencing hearing ... the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account, or will not affect, sentencing." In this case, the district court did not satisfy Rule 32 with regard to the downward adjustment for accep-

tance of responsibility. Although it adopted the factual findings in the PSR, the only explicit statement it made with regard to any reduction in the offense level was to state, in response to Newsom's attorney's question of whether the court would reduce the offense level, "No, I don't think I'll drop the offense level down." This statement does not make clear whether the court was referring to Newsom's request for downward departures or his request for the acceptance of responsibility adjustment or both.

Because it is unclear whether the district court even considered the adjustment for acceptance of responsibility, we conclude that this statement was insufficient to satisfy Rule 32(c)(1), even under the plain error standard. We therefore vacate the sentence and remand to allow the district court to decide whether Newsom accepted responsibility.[1]

We also remand this case to allow the district court to conform its written judgment on the sentence to its oral judgment.

AFFIRMED in Case No. 99–50239;

SENTENCE VACATED & REMANDED in Case Nos. 99–50245 & 99–50333.

---

1. The Government asks that we not vacate the sentence but merely remand for the district court to make the findings. In cases of substantive non-compliance with Rule 32, we require vacatur of the sentence. *See United*

*States v. Fernandez–Angulo,* 897 F.2d 1514, 1516–17 (9th Cir.1990).

