**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jaime VERDUZCO–LAUREL,**
**Defendant–Appellant.**

No. 01–30334.

D.C. No. CR01–5195JET.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 15, 2002.

Before SCHROEDER, Chief Judge, and TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM **

Jaime Verduzco–Laurel challenges two sentencing enhancements applied to him by the district court. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand.

(1) Verduzco–Laurel argues that there was insufficient evidence to support a two-level aggravating role enhancement under USSG § 3B1.1(c),[1] and that the district court failed to make the necessary findings concerning that enhancement. We reject the former contention; there was ample evidence that he exercised authority over his two nephews, who, upon his request, delivered the drugs from a remote location. We do, however, find merit in the latter contention. Despite the fact that Verduzco–Laurel specifically disputed the Presentence Report's allegation that he had claimed that others worked for him, and despite the fact that testimony was heard from the undercover officer on the matter, the district court made no findings that resolved the dispute. That was error. *See* Fed.R.Crim.P. 32(c)(1); *United States v. Carter*, 219 F.3d 863, 866 (9th Cir.2000). Therefore, the sentence must be vacated. *See United States v. Fernandez–Angulo*, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc).

(2) Verduzco–Laurel also challenges the district court's application of a two-level

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

1. All references are to the November 1, 2000, version of the Guidelines.

enhancement for possession of a dangerous weapon. *See* USSG § 2D1.1(b)(1). We conclude that the district court did not commit clear error in determining that the guns found in Verduzco–Laurel's home and buried with drugs in his backyard were "possessed" by him within the meaning of § 2D1.1(b)(1). *See United States v. Kyllo,* 37 F.3d 526, 531 (9th Cir.1994); *United States v. Pitts,* 6 F.3d 1366, 1368, 1372–73 (9th Cir.1993); *United States v. Gillock,* 886 F.2d 220, 223 (9th Cir.1989).

**AFFIRMED in PART, VACATED in PART, AND REMANDED.** The district court need not take further evidence, or consider any sentencing issues other than the finding concerning the aggravating role enhancement.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.