**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ronald B. CASTANEDA, Defendant—Appellant.**

No. 01–30262.

D.C. No. CR–98–30040–ALL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2002.

Decided Aug. 16, 2002.

Before NOONAN, HAWKINS and GOULD, Circuit Judges.

MEMORANDUM *

In a prior appeal, this court vacated Ronald B. Castaneda's ("Castaneda's") sentence following his guilty plea conviction for aiding and abetting in the manufacture of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Following remand, Castaneda appeals his amended sentence, contending that the district court violated Fed.R.Crim.P. 32(c)(1) by failing to make specific findings as to his eligibility for a minimal role reduction under U.S.S.G. § 3B1.2(a) and as to his credibility.

The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. This court reviews the district court's compliance with Fed.R.Crim.P. 32 de novo. *United States v. Carter*, 219 F.3d 863, 866 (9th Cir.2000).

■ The issue before us for decision is not the merits of a particular sentence but the propriety of the procedure followed by the district court in sentencing. We hold that the district court violated Fed. R.Crim.P. 32(c)(1) by not making explicit findings during the sentencing hearing as to Castaneda's eligibility for a minimal role adjustment under U.S.S.G. § 3B1.2(a) and as to his credibility after he had specifically raised both issues at the hearing.

The basic facts have already been set forth by both parties in their briefs.

During a sentencing hearing, a district court's duties are clearly set forth in Fed. R.Crim.P. 32(c)(1):

> At the sentencing hearing, the court must afford counsel for the defendant and for the Government an opportunity to comment on the probation officer's determinations and on other matters re-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

lating to the appropriate sentence, and must rule on any unresolved objections to the presentence report .... For each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing.

"[W]hen the district court fail[s] to make the required Rule 32 findings or determinations at the time of sentencing, we must vacate the sentence and remand for resentencing." *United States v. Fernandez–Angulo,* 897 F.2d 1514, 1516 (9th Cir.1990) *(en banc). See also United States v. Karterman,* 60 F.3d 576, 583 (9th Cir.1995) (noting that Rule 32 findings must be express and explicit).

The district court in this case failed to explicitly address the Probation Office's position that Castaneda was ineligible for a four-level minimal role adjustment because he was aware he was moving materials for the manufacturing of methamphetamine. Although Castaneda raised his objection to the Probation Office's position during his sentencing hearing, the district court found that he was eligible for a three-level adjustment only without specifying whether this decision was influenced by the Probation Office's argument.

 Likewise, during his sentencing hearing, Castaneda specifically controverted the government's claims that he was lying in various statements he gave law enforcement. Only after the sentencing hearing, in the district court's written Amended Findings of Fact, does the court explicitly state that it did not find Castaneda credible. This post-hearing clarification is insufficient to meet the requirements of Fed.R.Crim.P. 32(c)(1). *See United States v. Standard,* 207 F.3d 1136, 1142 (9th Cir.2000).

We VACATE the defendant's sentence and REMAND for resentencing.