**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Brijido MEJIA–PIMENTAL, aka El Sobrino Defendant–Appellant.**

**No. 01–30080.**
**D.C. No. CR–99–0147 JET.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2003.

Decided March 24, 2003.

Before KLEINFELD and McKEOWN, Circuit Judges, and BREYER, District Judge.*

MEMORANDUM**

Appellant Brijido Mejia–Pimental was convicted by a jury of eleven controlled substance violations. The district court sentenced him to 210 months in prison. Appellant raises several arguments on appeal. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

■ Appellant first argues that the district court erroneously dismissed a potential juror for cause. Because appellant did not object to the juror's dismissal during voir dire, we review the dismissal for plain error. *See United States v. Anzalone*, 886 F.2d 229, 234 (9th Cir.1989). Our review of the record reveals that the district court dismissed the juror only after ascertaining that his views regarding paid informants would compromise his ability to give both sides a fair trial. As such, the dismissal was not erroneous. *See United States v. Howell*, 231 F.3d 615, 628 (9th Cir.2000).

■ Second, appellant argues that certain counts of the superseding indictment were multiplicitous or duplicitous. Because these claims go to the form of the indictment and were not raised before trial, they are waived. *See* Fed.R.Crim.P.

12(b)(2), 12(f); *United States v. Klinger*, 128 F.3d 705, 708 (9th Cir.1997).

Third, appellant contends that the prosecutor violated his Fifth Amendment rights by commenting during his closing argument on the appellant's failure to testify. *See Griffin v. California*, 380 U.S. 609, 615, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). We review *Griffin* claims de novo. *See United States v. Mende*, 43 F.3d 1298, 1301 (9th Cir.1995). We find that the prosecutor's comment in this case was not "manifestly intended to call attention to the defendant's failure to testify or . . . of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify." *United States v. Tarazon*, 989 F.2d 1045, 1051–52 (9th Cir.1993). Accordingly, there was no *Griffin* violation in this case.

■ Fourth, appellant claims that he received ineffective assistance of counsel because his attorney was suspended from the bar. As a matter of Washington state procedure, however, appellant's attorney was not in fact suspended until the Washington Supreme Court heard and rejected his appeal from the decision of the Washington Disciplinary Board. *See* Wash. Rules for Lawyer Discipline 6.7(h), 7.8.[1] Appellant was sentenced on February 2, 2001; the Supreme Court heard counsel's appeal on February 17, 2001; and the Supreme Court issued its ruling affirming counsel's suspension on June 14, 2001. As such, the attorney was fully eligible to practice at all times relevant to appellant's case.

---

* Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The Washington Rules for Lawyer Discipline have been superseded by the Rules for Enforcement of Lawyer Conduct ("ELC"), which took effect in October 2002. ELC Rule 13.2 provides that suspensions are effective on the date set by the Supreme Court's order.

Fifth, appellant raises a facial challenge to the constitutionality of the sentencing scheme under 21 U.S.C. § 841. This Court rejected such a challenge in *United States v. Buckland*, 289 F.3d 558, 564 (9th Cir.2002) (en banc). *See also United States v. Hernandez*, 314 F.3d 430, 437 (9th Cir.2002).

■ Sixth, appellant argues that his case must be remanded for resentencing because the jury did not make findings as to the quantity of drugs associated with each count of conviction. *See Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (holding that any fact other than a prior conviction that increases a defendant's penalty beyond the statutory maximum must be found by a jury beyond a reasonable doubt). However, because the district court sentenced appellant to a prison term less than the statutory maximum for a drug offense involving an indeterminate quantity, the *Apprendi* error, if any, was harmless. *See Buckland*, 289 F.3d at 570–71; *United States v. Johansson*, 249 F.3d 848, 861–62 (9th Cir.2001).

■ Finally, appellant argues that he is entitled to resentencing because the district court violated Rule 32 of the Federal Rules of Criminal Procedure by applying a two-level enhancement for appellant's leadership role without making explicit factual findings in support of that determination. Although "[w]e review for clear error the district court's determination whether the defendant qualifies for a role adjustment under the United States Sentencing Guidelines," *United States v. Maldonado*, 215 F.3d 1046, 1050 (9th Cir.2000), the court's compliance with Rule 32 is reviewed de novo. *See United States v. Carter*, 219 F.3d 863, 866 (9th Cir.2000).

Rule 32 requires a court to rule on any unresolved objections to the presentence report prior to sentencing. As the applicable provision read at the time of sentencing, "[f]or each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing." Fed. R.Crim.P. 32(c)(1) (2002) (revised 2003).

Our review of the record reveals that at the time of appellant's sentencing hearing, there remained significant unresolved objections to the presentence report concerning appellant's role in the offense. Although the court was not required to definitively resolve these disputes prior to imposition of sentence, at a minimum the court should have "ma[de] a determination that no finding [was] necessary because the controverted matter [would] not be taken into account" for sentencing purposes. *Id.* Instead, the court imposed a two-level role enhancement without resolving factual disputes concerning appellant's role in the offense.

"It is well settled in this circuit that 'when the district court fail[s] to make the required Rule 32 findings or determinations at the time of sentencing, we must vacate the sentence and remand for resentencing.'" *Carter*, 219 F.3d at 866 (quoting *United States v. Fernandez-Angulo*, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc)). This is true even when the underlying record contained sufficient evidence to support a finding that the defendant was a leader or manager. *See id.* at 867. We have taken this approach "because of the unfairness that would result to a defendant if prison or parole officials were to rely on false allegations or uncorrected reports," and to "ensure[ ] meaningful appellate review of the sentence." *Id.* at 866–67 (citations omitted).

Accordingly, appellant's sentence will be vacated and his case remanded for resentencing.

Conviction AFFIRMED, sentence VACATED and REMANDED for resentencing.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.