UNITED STATES of America,
Plaintiff–Appellee,

v.

Gilbert Louis ALMADA, Defendant–Appellant.

No. 02–50635.

D.C. No. CR–01–1169–TJH.

United States Court of Appeals,
Ninth Circuit.

---

**732**

Submitted Aug. 4, 2003.*
Decided Aug. 11, 2003.

Before KOZINSKI and T.G. NELSON, Circuit Judges, and RESTANI,** Judge.

MEMORANDUM ***

Gilbert Louis Almada appeals the sentence imposed following his guilty plea to two counts of mail fraud (18 U.S.C. § 1341), two counts of misappropriation or embezzlement of money of an insurer (18 U.S.C. § 1033(b)), and one count of making a false statement to a government agency (18 U.S.C. § 100(a) and 3571(b)(3)).

First, Almada challenges his sentence because the district court did not make specific findings of fact as to controverted matters. Almada does not allege he was deprived of the opportunity to present evidence relating to controverted facts, rather he alleges the district court did not make the required factual findings. He is correct. The district court indicated it was following the recommendation of the pre-sentence report but the court did not say it agreed with the factual findings contained therein. Thus, as to both the calculation of the amount of restitution and the controverted facts which may relate to discretionary sentencing decisions, the district court must make findings, or decide that the controverted matter will not affect the sentencing or that the matter will not be considered. *See United States v. Fernandez–Angulo,* 897 F.2d 1514, 1516 (9th Cir.1990).

Second, Almada claims that the district court misapprehended its authority to depart downward. The district court made no statement that could be interpreted as evidence of such a belief and the

---

\* The panel unanimously finds this case suitable for decision without oral argument.

\*\* The Honorable Jane A. Restani, United States Court of International Trade, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

government did not urge the court to such a conclusion. Thus, we are without jurisdiction to review the district court's decision not to depart. *See United States v. Garcia–Garcia,* 927 F.2d 489, 490–91 (9th Cir.1991) (per curiam).

 Finally, the district court did not breach Almada's plea agreement, as it was not a party to the agreement. *See United States v. Anglin,* 215 F.3d 1064, 1068 (9th Cir.2000) (the court is free to adjust a sentence in any lawful way regardless of the terms of the plea agreement.).

SENTENCE VACATED and case REMANDED for factual findings on the matters which were controverted at the time of the original sentencing. After making the necessary findings, the court shall resentence the Defendant.