**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-10564 |
| Plaintiff - Appellee, | D.C. No. CR-06-00251-PMP |
| v. | |
| JEROME WILLIAMS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Jerome Williams appeals from the 137-month sentence imposed following

his guilty-plea conviction for bank robbery, in violation of 18 U.S.C. § 2113(a).

We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  The request is denied.  *See* Fed. R. App. P. 34(a)(2).

Williams contends that the district court erred under Federal Rule of Criminal Procedure 32(i)(3)(B) when it failed to resolve a factual dispute regarding the status of a warrant. The government concedes that the district court did not determine whether there was an outstanding warrant because, on the erroneous advice of the probation office, the court mistakenly believed that the existence of the warrant was irrelevant to sentencing. The government contends, however, that Williams' objection was untimely. Williams has demonstrated good cause for his late objection to the presentence report, namely, that counsel had not timely provided the presentence report to him for review. *See* Fed. R. Crim. P. 32(i)(1)(D). Accordingly, we vacate the sentence and remand to the district court for resentencing. *See United States v. Fernandez-Angulo*, 897 F.2d 1514, 1515 (9th Cir. 1990) (en banc) ("We have consistently and frequently stated that when the district court failed to make the required Rule 32 findings or determinations at the time of sentencing, we must vacate the sentence and remand for resentencing.").

The government's motion to strike portions of Williams' brief is denied.

**VACATED AND REMANDED.**

07-10564