**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose GUTIERREZ–HERNANDEZ,**
**and Raul Suarez–Reynoso,**
**Defendants–Appellants.**

Nos. 95–10188, 95–10195.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 17, 1996.

Decided Aug. 28, 1996.

---

John F. Garland, Fresno, California, for defendant-appellant Jose Gutierrez–Hernandez.

Mark C. Ament, Assistant Federal Defender, Fresno, California, for defendant-appellant Raul Suarez–Reynoso.

William S. Wong, Assistant United States Attorney, Sacramento, California, for plaintiff-appellee.

Before: PREGERSON and TROTT, Circuit Judges, EZRA, District Judge.*

EZRA, District Judge:

Appellants contend that their respective sentences should be vacated because the district court failed to make the necessary factual findings at sentencing as to the amount of drugs implicated in a drug conspiracy. Raul Suarez–Reynoso ("Reynoso") further disputes his sentence on grounds that the district court failed to make specific factual findings as to (a) the amount of drugs involved in the conspiracy that were specifically attributable to him, and (b) his role in the offense. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 18 U.S.C. § 3742. We AFFIRM IN PART, and VACATE AND REMAND IN PART.

I.

■ The district court's factual findings in the sentencing phase are reviewed for clear error. *See United States v. Fuentes–Mendoza,* 56 F.3d 1113, 1116–17 (9th Cir.1995)

---

* Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

(quantity of drugs, possession of firearm, supervisorial role), *cert. denied*, —— U.S. ——, 116 S.Ct. 326, 133 L.Ed.2d 227 (1995).

■■■ The district court's interpretation of the Sentencing Guidelines is reviewed de novo. *United States v. Basinger*, 60 F.3d 1400, 1409 (9th Cir.1995). The district court's application of the Sentencing Guidelines to the facts is reviewed for an abuse of discretion. *Koon v. United States*, —— U.S. ——, ——, 116 S.Ct. 2035, 2047, 135 L:Ed.2d 392 (1996). The district court's interpretation of the Guidelines, as a matter of law, is not entitled to deference, though "[l]ittle turns ... on whether we label review of this particular question abuse of discretion or de novo, for ... [a] district court by definition abuses its discretion when it makes an error of law." *United States v. Willett*, 90 F.3d 404, 406 (9th Cir.1996) (quoting *Koon*, —— U.S. at ——, 116 S.Ct. at 2047).

## II.

Acting on a tip from a confidential informant, state and local officers raided a clandestine methamphetamine laboratory operating in rural Fresno County, California. Appellants were arrested fleeing the scene.

On January 13, 1994, a grand jury indicted Appellants Jose Gutierrez–Hernandez ("Hernandez") and Reynoso (collectively "Appellants")[1] on two counts: (1) conspiracy to manufacture methamphetamine, and (2) manufacturing and aiding and abetting the manufacture of methamphetamine. After three days of trial, on November 10, 1994, the jury found Appellants guilty of both counts.

Appellants made several objections to their respective Presentence Reports disputing the probation office's findings as to the amount of drugs involved, the amount of drugs attributable to Reynoso, and Reynoso's role in the underlying offense. On April 10 and 24, 1995, the district court conducted an evidentiary hearing to address the objections. At the conclusion of the second day of testimony, Hernandez and Reynoso were each sentenced to 235 months in custody, 50 months of supervised release, and other terms and conditions. The Appellants have appealed their respective sentences based on what they believe to be insufficient factual findings on the controverted matters at sentencing.

## III.

Rule 32(c)(1) of the Federal Rules of Criminal Procedure provides in relevant part:

> At the sentencing hearing, the court must ... rule on any unresolved objections to the presentence report.... For each matter controverted, the court must make either a finding on the allegation or a determination that no such finding is necessary because the controverted matter will not be taken into account in or will not affect sentencing. A written record of these findings and determinations must be appended to any copy of the presentence report made available to the Bureau of Prisons.

Fed.R.Crim.P. 32(c)(1) (West 1995).

■■■ "When a defendant challenges information contained in his presentence investigation report, the district court must make [written] findings of fact concerning any disputed matter which it relies upon in sentencing." *United States v. Turner*, 898 F.2d 705, 709 (9th Cir.), *cert. denied*, 495 U.S. 962, 110 S.Ct. 2574, 109 L.Ed.2d 756 (1990).

■■■ The Ninth Circuit has consistently held that "[i]f the district court fails to make the required [Rule 32] findings or determinations [at the time of sentencing], the sentence must be vacated and the defendant resentenced." *United States v. Fernandez–Angulo*, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc). Equally clear, however, is that a technical violation of Rule 32 is a ministerial error that does not require resentencing. *Id.* at 1517; *United States v. Castaneda*, 16 F.3d 1504, 1513 (9th Cir.1994). Technical errors can be corrected by ordering the district court to append to the presentence report the required findings and determinations. *Fernandez–Angulo*, 897 F.2d at 1517.

■■■ Here, Appellants objected to the amount of drugs specified in their presen-

---

1. The grand jury also charged Felipe Arrevalo Garcia in the same indictment. Garcia appealed separately and therefore is not included in the discussion below.

tence reports. In response to those objections, the district court conducted an evidentiary hearing on the controverted issues. A review of the record and the district court's comments clearly establish that the district court adopted the Government's position that there were more than three kilograms of actual methamphetamine involved, to justify a base offense level of 38 for sentencing purposes. We find the district court's statements on the record sufficient to meet the substantive requirements of Rule 32. *See Castaneda*, 16 F.3d at 1513. While the district court failed to append its factual findings to the presentence report as required by Rule 32, under the circumstances here, we find that it is merely a technical violation that does not merit a vacation of the sentence. Thus, while we AFFIRM Hernandez's sentence, we REMAND the case to the district court with instructions to append its factual findings to the presentence report and to forward a copy of the revised report to the Bureau of Prisons so as to remedy the technical violation of Rule 32.

## IV.

As to his particular sentence, Reynoso also argues separately for remand on grounds that the district court failed to make a specific factual finding as to the amount of drugs specifically *attributable to him.*

■ The district court may only sentence a defendant for relevant conduct within the scope of the defendant's agreement that was reasonably foreseeable in connection with the criminal activity the defendant agreed to undertake jointly. U.S.S.G. § 1B1.3, Application Note 1 (as amended November 1, 1990); *United States v. Navarro*, 979 F.2d 786, 788–89 (9th Cir.1992) (remanding for resentencing where the district court failed to make express factual findings to support its use of total drug sales in sentencing a co-conspirator). In other words, under the Sentencing Guidelines, each conspirator is to be judged

on the basis of the quantity of drugs which he reasonably foresaw or which fell within "the scope" of his particular agreement with the conspirators, rather than on the distribution made by the entire conspiracy. *United States v. Petty*, 982 F.2d 1374, 1376 (9th Cir.1993).

■ Here, the record indicates that the district court sentenced Reynoso on the total amount of drugs involved in the conspiracy without making an express factual finding as to amount of drugs that Reynoso reasonably foresaw as being part of the conspiracy or the quantity of drugs that was within the scope of the agreement that Reynoso entered. *See Petty*, 982 F.2d at 1377. Because such findings are required by the Sentencing Guidelines, and are conspicuously absent here, we find this case appropriate for remand. We therefore VACATE Reynoso's sentence and REMAND to the district court with instructions to make express factual findings as to the amount of drugs involved in the conspiracy specifically attributable to Reynoso.

■ Furthermore, we also instruct the district court on remand to make express factual findings as to Reynoso's role in the offense to determine if he is eligible for a reduction in offense level for "minor participation," *see* U.S.S.G. § 3B1.2;[2] it is not sufficient here for the court to presume that "all three defendants were equally culpable." *United States v. Petti*, 973 F.2d 1441, 1447 (9th Cir.1992), *cert. denied*, 507 U.S. 1035, 113 S.Ct. 1859, 123 L.Ed.2d 480 (1993).

## V.

For the above reasons, we AFFIRM Hernandez's sentence, instructing the district court on REMAND to append its factual findings to the presentence report and to forward a copy of the revised report to the Bureau of Prisons so as to remedy the technical violation of Rule 32. We VACATE Reynoso's sentence and REMAND with in-

---

2. The Government admits that there is no express rejection of Reynoso's request for an adjustment based on a mitigating role in the offense. The Government argues, however, that the matter was clearly before the district court and the fact that the court sentenced Reynoso to

235 months incarceration is clear evidence that the court rejected his request.

This court is not in a position to infer what the district court may have meant in asking a question or in remaining silent after oral argument.

structions for the court to make express factual findings on (a) the quantity of drugs within the scope of Reynoso's agreement or reasonably foreseeable in connection with the criminal activity that Reynoso agreed to jointly undertake, and (b) Reynoso's eligibility for a lesser sentence based on a mitigated role in the offense.