129 F.3d 128
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jim CHOE, Defendant-Appellant.
 No. 97-10017.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1997.**
Oct. 29, 1997.
 
 Before KOZINSKI, MAYER,*** and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jim Choe appeals his sentence and the district court's denial of his motion for a new trial filed after a jury convicted him of conspiracy to receive stolen goods from interstate commerce. We affirm the conviction but vacate and remand the sentence.
 
 A. Ineffective Assistance of Counsel
 
 3
 Choe raises a host of claims about his trial counsel's effectiveness. We have analyzed each of those claims under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984), and we decline Choe's invitation to second guess his trial counsel's judgments. See United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir.1995), cert. denied, --- U.S. ----, 117 S.Ct. 135, 136 L.Ed.2d 83 (1996).
 
 
 4
 Counsel was not ineffective when he made his opening statement about the health and ownership of Super Workstation, when he did not attack the authenticity of the cellular phone tape, or when he failed to call character and secondary market witnesses. His investigations were reasonable, as were his tactical choices. See, e.g., Clabourne v. Lewis, 64 F.3d 1373, 1382-83 (9th Cir.1995); Bonin v. Calderon, 59 F.3d 815, 835-36 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 718, 133 L.Ed.2d 671 (1996). Nor did he err regarding his jury instruction requests or in advising his client. Finally, Choe's undifferentiated claim that counsel should have made some sort of pretrial motion is not fleshed out, so we deem it abandoned. See United States v. Tisor, 96 F.3d 370, 376 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 1012, 136 L.Ed.2d 889 (1997).
 
 B. Ruling on Defense Attorney Expert
 
 5
 Choe argues that the district court abused its discretion by excluding the declaration from a defense attorney which Choe filed in support of his motion for a new trial. We disagree. A district court does not abuse its discretion by excluding a purported "Strickland expert," such as the one presented here, when the court itself is qualified to assess the factual and legal issues involved in a Strickland claim. Bonin, 59 F.3d at 838.
 
 C. Denial of the Motion for Reconsideration
 
 6
 Choe appeals the denial of his motion for reconsideration regarding the tape. However, he failed to present any new evidence that could not have been discovered before he filed his original motion regarding the tape. Moreover, the new expert's conclusion that there were "questions" about the authenticity of the tape was neither remarkable nor new evidence; Choe had been raising "questions" about the tape since he filed the motion for a new trial. The district court did not abuse its discretion when denying the motion for reconsideration. See United States v. Wardlow, 951 F.2d 1115, 1116 (9th Cir.1991) (per curiam); United States v. Buffington, 815 F.2d 1292, 1298 (9th Cir.1987).
 
 D. Material Considered at Sentencing[1]
 
 7
 Choe argues that the district court should have stricken irrelevant information from the PSR. Choe recognizes that the district court did not rely upon the offending information in its sentencing decision. Thus, what Choe seems to seek is an order from us striking the offending paragraphs from the PSR, and not a remand on this point. However, Choe again cites absolutely no authority and makes no reasoned argument.
 
 
 8
 Construing his bald assertions in the best possible light, what Choe seems to be arguing is that there was a technical violation of Federal Rule of Criminal Procedure 32(c)(1). See United States v. Gutierrez-Hernandez, 94 F.3d 582, 584 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 752, 136 L.Ed.2d 689 (1997). However, he has given us no indication that the district court did not, in fact, attach a copy of its ruling to the Bureau of Prisons' copy of the PSR. If it did not do so, Choe can bring that technical failure to the attention of the district court on remand. In any event, it would not require resentencing. See United States v. Fernandez-Angulo, 897 F.2d 1514, 1517 (9th Cir.1990) (en banc). E. USSG § 2X1.1(b)
 
 
 9
 Finally, Choe argues that his offense level should have been reduced three levels under USSG § 2X1.1(b) because he did not complete a transaction involving all 6,000 chips. That section allows a decrease in the offense level for some conspirators who have not completed all acts they believe necessary to successfully complete the substantive offense. See United States v. Petersen, 98 F.3d 502, 509 (9th Cir.1996); United States v. Yellowe, 24 F.3d 1110, 1112-13 (9th Cir.1994); see also United States v. Chapdelaine, 989 F.2d 28, 35 (1st Cir.1993). The district court made a factual finding that the object and intent of the conspiracy was to purchase all 6,000 chips. The district court then heard arguments regarding § 2X1.1(b)(2) and did not apply the reduction. However, it did not make a finding that Choe had "completed all the acts [he] believed necessary on [his] part for successful completion of" the purchase of 6,000 chips. See USSG § 2X1.1(b)(2).
 
 
 10
 Choe testified that he had an agreement with a business associate regarding the chips: the associate gave him the $400,000 to purchase the first 2,500 chips and had signed a contract agreeing to buy a total of 5,000 chips from Choe. Of course, Choe did not yet have the money to purchase 3,500 additional chips. Nonetheless, he had promised Officer Nguyen he would buy all 6,000 chips, he had his buyer lined up and bound to a purchase contract for enough money to allow purchase of all the chips, and he had no reason to believe that his buyer would not provide the funds promised for the second installment. Moreover, it appears that his contract with his buyer would earn him a tidy profit. He was purchasing 6,000 chips for $810,000 and selling 5,000 chips for $850,000. And the buyer was going to receive even more expensive chips than he had bargained for. Still and all, Choe did not actually have the second installment of his buyer's money in hand. The ultimate decision regarding § 2X1.1(b) could go either way, but it is not one for us to make.
 
 
 11
 Thus, we vacate the sentence and remand to the district court so that it can explicitly make the determination under § 2X1.1(b). It need not revisit any of the other sentencing factors when it does so, and if it determines that the reduction does not apply, it may reinstate the sentence.
 
 
 12
 AFFIRMED as to conviction. VACATED and REMANDED as to sentence.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 **
 * Hon. H. Robert Mayer, United States Circuit Judge for the Federal Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court properly used the November 1, 1995 version of the Guidelines to sentence Choe