133 F.3d 930
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Salvador RUBALCABA, Defendant-Appellant.
 No. 97-50309.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998**
Decided Jan. 20, 1998
 
 Before BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Salvador Rubalcaba appeals his 51-month sentence imposed following his guilty plea conviction for importing marijuana in violation of 21 U.S.C. §§ 952, 960. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm, in part, and remand, in part.
 
 
 3
 Rubalcaba contends that the district court erred by treating his November 1996 arrest for importation of marijuana as "relevant conduct" under U.S.S.G. § 1B1.3(a)(2). We disagree.
 
 
 4
 We review a district court's interpretation of the Sentencing Guidelines de novo, and the application of the Sentencing Guidelines to the facts for abuse of discretion. See United States v. Robinson, 94 F.3d 1325, 1327 (9th Cir.1996). We review the factual findings underlying the sentencing decision for clear error. See id. Conduct is "relevant conduct" if it is part of a common scheme or plan. See U.S.S.G. § 1B1.3(a)(2), comment. (n. 9) (1995) (providing that two or more offenses which are substantially connected to each other by at least one factor, such as common victims, common accomplices, common purpose or similar modus operandi constitute common scheme or plan).
 
 
 5
 The probation officer in the presentence report and addendum expressly found that Rubalcaba "participated in two instances wherein there were common victims (societal interests), common purpose (to import marijuana), and a similar modus operandi (marijuana hidden in vehicles driven by [Rubalcaba], who was the sole occupant)." The presentence report and addendum support a determination that Rubalcaba's November 1996 arrest was "relevant conduct" to the December 1995 arrest to which he plead guilty. See id. Thus, the district court did not err by adopting the factual findings in the presentence report and addendum. See id.; Robinson, 94 F.3d at 1327.[1]
 
 
 6
 Rubalcaba next contends that the district court erred by failing to make written factual findings pursuant to Fed.R.Crim.P. 32(c)(1) when it denied his objection to the presentence report and addendum's determination that the November 1996 arrest was "relevant conduct." We agree that the district court failed to make the required written findings on its ruling denying Rubalcaba's objection. See Fed.R.Crim.P. 32(c)(1). However, a technical violation of Rule 32 is a ministerial error that does not require resentencing. See United States v. Gutierrez-Hernandez, 94 F.3d 582, 584 (9th Cir.), cert. denied, 117 S.Ct. 752 (1997). Accordingly, we remand.for the limited purpose of having the district court append the presentence report and addendum with written findings and determinations on its ruling denying Rubalcaba's objection. See id.
 
 
 7
 AFFIRMED, in part, and REMANDED, in part.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent that Rubalcaba contends that the district court failed to make factual findings to support its decision that the November 1996 arrest was "relevant conduct," this contention is meritless because the court expressly adopted the findings of fact made in the presentence report and addendum as its own findings. See United States v. Hanoum, 33 F.3d 1128, 1132 (9th Cir.1994). We also reject Rubalcaba's contention that he was unable to challenge the factual allegations of the November 1996 arrest because he has waived this argument by failing to raise it before the district court. See United States v. Lujan, 936 F.2d 406, 412 (9th Cir.1991)