UNITED STATES of America,
Plaintiff–Appellee,

v.

Blake ELFAND, Defendant–Appellant.

No. 00–50158.

D.C. No. CR–98–01562–06–HBT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 14, 2000.

Decided Jan. 5, 2001.

Before RYMER, T.G. NELSON, and WARDLAW, Circuit Judges.

### MEMORANDUM *

Appellant Blake Elfand appeals his sentence upon a guilty plea pursuant to a written agreement for conspiracy to possess marijuana with the intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Elfand argues that the government must satisfy a clear and convincing evidentiary standard rather than the preponderance of the evidence standard when the court determines the quantity of drugs applicable to a defendant's sentence. In fact, in light of the Supreme Court's holding in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the drug quantity attributable to a defendant's sentence must be submitted to a jury and proven beyond a reasonable doubt. *Id.* at 2362–63. Therefore, the district court committed *Apprendi* error when it determined the amount of drugs to be used in calculating Elfand's base offense level. *See Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000). This finding by the district court increased the statutory maximum penalty to which Elfand was exposed from five years to life. Because the issue of drug quantity was not submitted to the jury nor proven beyond a reasonable doubt, it was made in violation of Elfand's due process rights. *See United States v. Nordby,* 225 F.3d 1053, 1060 (9th Cir. 2000). As *Apprendi* had not been decided

---

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

at the time Elfand was sentenced, he did not object to the district court's determination of drug quantity. Nor did he argue pursuant to *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), the precursor to *Apprendi,* that the drug quantity had to be pleaded and found by the jury beyond a reasonable doubt. Therefore we review his claim under the plain error standard. *Nordby,* 225 F.3d at 1060. Because Elfand was sentenced to sixty months in prison, which is within the statutory maximum to which he was subject under the facts as found by the jury, *see* 21 U.S.C. § 841(b)(1)(D) (statutory maximum for an unspecified amount of marijuana is 5 years), we conclude that the *Apprendi* error did not affect Elfand's substantial rights, and thus was not plain error.

We decline to review Elfand's claims of *Apprendi* error based on his term of supervised release and felony grade classification because they were raised for the first time at oral argument. *United States v. Mateo–Mendez,* 215 F.3d 1039, 1043 (9th Cir.2000) ("We 'will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.' " (citation omitted)); *Entm't Research Group v. Genesis Creative Group,* 122 F.3d 1211, 1217 (9th Cir.1997) ("We will not consider claims that were not actually argued in [the] opening brief."); *Greenwood v. FAA,* 28 F.3d 971, 977 (9th Cir.1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").

▪ 2. The district court's factual findings that the entire quantity of drugs attributable to the conspiracy was reasonably foreseeable to Elfand and within the scope of Elfand's particular agreement with the conspirators were not clearly erroneous. *See United States v. Gutierrez–Hernandez,* 94 F.3d 582, 585 (9th Cir.

1996). Because there was sufficient proof that Elfand was part of a family conspiracy, that he signed for packages of marijuana throughout the conspiracy and accepted car loads of marijuana, and that Elfand mailed at least one package of marijuana, the district court did not clearly err in finding the other conspirators' conduct attributable to Elfand. *United States v. Lightbourne,* 104 F.3d 1172, 1179 (9th Cir. 1997) (holding if substantial evidence is shown that co-conspirator was a co-participant and was not limited as to time, defendant can be held liable for the full quantity of drugs in the conspiracy).

▪ 3. The district court correctly concluded that principles of collateral estoppel were inapplicable to the government's previous stipulation with co-conspirator defendants that only 170 kilograms of marijuana was "readily provable" for the entire conspiracy. The civil doctrine of non-mutual collateral estoppel—which provides that if a litigant has fully and fairly litigated an issue and lost, third parties unrelated to the original action can in certain circumstances bar the litigant from re-litigating that same issue in a subsequent suit—is inapplicable in criminal proceedings. *See United States v. Valdez–Soto,* 31 F.3d 1467, 1476 (9th Cir.1994) (holding that although non-mutual collateral estoppel exists in the civil arena, we do not apply it in criminal cases); *United States v. Montes,* 976 F.2d 235, 239–40 (5th Cir.1992) (holding that because "the doctrine of non-mutual collateral estoppel has no application in criminal cases, . . . collateral estoppel did not bar [the district court] from reevaluati[ng] the issue of the amount of marihuana (sic) involved in the conspiracy" even though the court had already attributed a lesser amount of marijuana to his co-conspirator in a prior sentencing proceed-

ing), *cert. denied*, 507 U.S. 1024, 113 S.Ct. 1831, 123 L.Ed.2d 459 (1993). Because Blake Elfand was not a party to the plea agreement in which the government stipulated to a lesser "readily provable" quantity of drugs, he cannot use non-mutual collateral estoppel to preclude the government from asserting a greater drug quantity in his case.

4. The district court did not fail to comply with Rule 32(c)(1) of the Federal Rules of Criminal Procedure. Rule 32(c)(1) requires that district court either make an explicit factual finding that resolves all factual disputes that are eventually relied on for sentencing or clearly state that the disputed fact was not taken into account in finding the appropriate sentence. *United States v. Carter*, 219 F.3d 863, 867 (9th Cir.2000). The district court addressed all but one of Elfand's factual objections to the pre-sentencing report. The court failed to clearly state that Elfand's disputed statement that "he had a buyer for marijuana" was not taken into account in sentencing. Because Elfand's counsel failed to raise this factual objection at the sentencing hearing, however, and because the disputed fact was so patently irrelevant to Elfand's ultimate sentence, the court did not err in failing to explicitly resolve this factual dispute. *See United States v. Sager*, 227 F.3d 1138, 1148 (9th Cir.2000) (an attorney filing a written objection to the pre-sentence report should also "raise the issue again at sentencing if it appears to have gone unaddressed").

AFFIRMED.